Mathew K. Higbee, Esq., (Ill. Bar No. 6319929)
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
SETH GOTTFRIED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SETH GOTTFRIED,<br><br>               Plaintiff,<br><br>v.<br><br>CHINA JOURNAL-CHICAGO, INC.;<br>and DOES 1 through 10 inclusive,<br><br>             Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Seth Gottfried alleges as follows:

## JURISDICTION AND VENUE

1.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.  This Court has subject matter jurisdiction over Plaintiff's claims

for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within the State of Illinois, Defendant's acts of infringement complained of herein occurred in the State of Illinois, and Defendant caused injury to Plaintiff within the State of Illinois.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

**PARTIES**

5.      Plaintiff Seth Gottfried ("Gottfried" or "Plaintiff") resides in the State of New York and is a professional photographer by trade.

6.      Plaintiff is informed and believes, and thereon alleges, that Defendant China Journal-Chicago, Inc. is an Illinois corporation, with a principle place of business at 2146 A S. Archer Ave., Chicago, IL 60616.  A true and correct copy of Defendant's Corporation File Detail Report is attached hereto as Exhibit A.

7.      Plaintiff is informed and believes, and thereon alleges, that Defendant owns and operates the website, www.chinajournalus.net ("the

Website").  A true and correct screenshot of Defendant's e-paper with the same corporate address is attached hereto as Exhibit B.

8.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

9.      For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

**FACTUAL ALLEGATIONS**

10.      Plaintiff Seth Gottfried is a professional photographer by trade.

11.      Gottfried is the sole author and exclusive rights holder to two original photographs of the scene of a massive fire in Brooklyn, New York (the "Fire Scene Images").  A true and correct copy of the original Images is attached hereto as

Exhibit C.

12.    Gottfried registered the Fire Scene Images with the United States Copyright Office under registration number VA 2-085-925.

13.    Gottfried originally licensed the Images to the New York Post ("Post").  On November 9, 2017, the Post ran an article that featured the Fire Scene Images titled "Two dead after massive fire erupts in Brooklyn Building" ("Post Article").  A true and correct copy of the Post Article with both Images is attached hereto as Exhibits D and E.

14.    Gottfried's Images featured in the Post Article included a credit below the bottom left corner crediting the Images to Gottfried.

15.    Defendant is "the first Chinese weekly newspaper in the United States dedicated to serving American Chinese, especially mainland new immigrants." *See* http://chinajournalus.net/.

16.    Defendant posts news stories to its Website to attract user traffic and generate advertising revenue.  In addition to online news stories, Defendant produces a print publication of its newspaper.  Defendant is also known as the China Times, Shenzhou Times, Shenzhou Media, and on information and belief operates www.chinajournalus.com.

17.    On or about January 22, 2018, Gottfried discovered an article on Defendant's Website featuring the Fire Scene Images ("Infringing Article").  A true and correct screenshot of the Infringing Article featuring the Images with the

photo credit removed is attached hereto as Exhibit F.

18.    On information and belief, Defendant extracted the Images from the Post Article.  The Infringing Article is dated November 14, 2017—five days after the Post Article featured the Images.

19.    On or about January 26, 2018, Plaintiff's counsel sent a cease and desist letter to Defendant alerting them to the infringement and requesting, *inter alia*, that the Image be removed from Defendant's Website.

20.    On or about February 15, 2018, a representative from Plaintiff's counsel's office contacted Defendant via e-mail and by telephone, but received no response.

21.    On or about February 26, 2018, a representative from Plaintiff's office contacted Defendant via e-mail and by telephone, but received no response.

22.    On or about May 9, 2018, Plaintiff's counsel sent additional correspondence to Defendant in an effort to resolve the matter, but did not receive a response.

23.    On or about June 18, 2018, a representative from Plaintiff's counsel's office spoke with a representative at Defendant's office over the phone who informed her that the owner was unavailable.  Plaintiff's counsel's representative provided her contact information, but never heard back from Defendant.

24.    On or about June 22, 2018, a representative from Plaintiff's counsel's office sent Defendant an e-mail in an effort to follow-up on the matter.

25.     On or about June 29, 2018, Plaintiff's counsel sent additional correspondence to Defendant in an effort to negotiate, but received no response.

26.     On or about July 3, 2018, a representative from Plaintiff's counsel's office called Defendant's office and was informed that the owner was unavailable and that no one else could help her with this matter.

27.     Gottfried never authorized Defendant to use any of his Images on Defendant's Website.

28.     On information and belief, Defendant willfully removed Gottfried's photo attribution because Defendant knew it did not have permission to use the Images.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

31.     Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent

by using them in the Infringing Article on Defendant's Website.

32.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

33.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

34.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
### FALSIFICATION, REMOVAL, AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
### 17 U.S.C. § 1202

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     On information and belief, Defendant knew that Plaintiff created the Images because, *inter alia*, the source of the Images that Defendant used to make the infringing copy, the Post Article, specifically attributed the Image to Plaintiff.

37.     Defendant intentionally falsified copyright management information related to the Images with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.  Specifically, Defendant purposefully failed to credit Plaintiff in order to mislead the public into believing

that Defendant either owned the Images or had legitimately licensed it for use in the Infringing Articles.

38.     Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a) and 1202(b).

39.     Defendant's falsification, removal, and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

40.     Defendant's falsification of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Images.  Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Images.

41.     Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

42.     In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For statutory damages against Defendant in an amount up to $150,000.00

for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against Defendant pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202.

- For general and special damages against Defendant according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.


Dated: August 23, 2018                          Respectfully submitted,

                                                **/s/ Mathew K. Higbee**
                                                Mathew K. Higbee, Esq.
                                                Ill. Bar No. 6319929
                                                HIGBEE & ASSOCIATES
                                                1504 Brookhollow Dr., Ste 112
                                                Santa Ana, CA 92705-5418
                                                (714) 617-8350
                                                (714) 597-6559 facsimile
                                                *Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Seth Gottfried, hereby demands a trial by jury in the above matter.

Dated: August 23, 2018                    Respectfully submitted,


**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Ill. Bar No. 6319929
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Counsel for Plaintiff*

# Exhibit "A"



## CORPORATION FILE DETAIL REPORT

| File Number | 58611859 | | |
|---|---|---|---|
| Entity Name | CHINA JOURNAL-CHICAGO,INC. | | |
| Status | ACTIVE | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 12/04/1995 | State | ILLINOIS |
| Agent Name | MEI ZHENG | Agent Change Date | 12/04/1995 |
| Agent Street Address | 2146 A S ARCHER AVE | President Name & Address | MAY ZHENG 2146 A S ARCHER AVE CHICAGO IL 60616 |
| Agent City | CHICAGO | Secretary Name & Address | MAY ZHENG SAME |
| Agent Zip | 60616 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 11/14/2017 | For Year | 2017 |

Return to the Search Screen

Purchase Certificate of Good Standing

**(One Certificate per Transaction)**

**OTHER SERVICES**

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

Change of Registered Agent and/or Registered Office Address

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

# Exhibit "B"





# Exhibit "C"





# Exhibit "D"

METRO

# Two dead after massive fire erupts in Brooklyn building

By Jennifer Bain and Daniel Prendergast

November 9, 2017 | 12:03pm | Updated

Two people died in a massive fire at a Brooklyn building Thursday morning that appears to be suspicious, sources said.

The blaze started around 7:30 a.m. inside a three story building on 11th Ave. near 67th St. in Dyker Heights and quickly spread throughout.

Firefighters pulled the bodies of a 58-year-old man and a 56-year-old woman out of the raging fire. They were pronounced dead at the scene.

Two men, 31 and 30, and two children, 4 and 3, suffered smoke inhalation and were rushed to Maimonides Hospital in stable condition, officials said.

Three firefighters were also treated for minor injuries.

"There was screaming and panicking and then six or seven fire engines. People were running out of the building," said building resident George Rezk, 60.

The cause of the fire is still unknown, but has been deemed suspicious as investigators try to determine whether an accelerant was used, sources said.

The FDNY said there were no working smoke alarms inside the apartment where the fire originated.

"There was a family in their car, some in pajamas, some in their underwear, anything to keep them warm enough," said Heidi Pugni, 53.

"The family that was in the apartment that was burning, they were in front of our house. They were barefoot. They were in their pajamas," she added.

"Everyone contributed clothing to them; socks, blankets. My heart just dropped. I was so nervous for everyone."



Firefighters transport a victim of a fire in Brooklyn early Thursday morning.
Seth Gottfried

FILED UNDER    **BROOKLYN**, **FIRES**

Recommended by

# Exhibit "E"

METRO

# Two dead after massive fire erupts in Brooklyn building

By Jennifer Bain and Daniel Prendergast

November 9, 2017 | 12:03pm | Updated

Two people died in a massive fire at a Brooklyn building Thursday morning that appears to be suspicious, sources said.

The blaze started around 7:30 a.m. inside a three story building on 11th Ave. near 67th St. in Dyker Heights and quickly spread throughout.

Firefighters pulled the bodies of a 58-year-old man and a 56-year-old woman out of the raging fire. They were pronounced dead at the scene.

Two men, 31 and 30, and two children, 4 and 3, suffered smoke inhalation and were rushed to Maimonides Hospital in stable condition, officials said.

Three firefighters were also treated for minor injuries.

"There was screaming and panicking and then six or seven fire engines. People were running out of the building," said building resident George Rezk, 60.

The cause of the fire is still unknown, but has been deemed suspicious as investigators try to determine whether an accelerant was used, sources said.

The FDNY said there were no working smoke alarms inside the apartment where the fire originated.

"There was a family in their car, some in pajamas, some in their underwear, anything to keep them warm enough," said Heidi Pugni, 53.

"The family that was in the apartment that was burning, they were in front of our house. They were barefoot. They were in their pajamas," she added.

— ADVERTISEMENT — 

"Everyone contributed clothing to them; socks, blankets. My heart just dropped. I was so nervous for everyone."



Seth Gottfried

FILED UNDER   **BROOKLYN**, **FIRES**

Recommended by

# Exhibit "F"



